UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDA DUNIGAN, as Personal Representative
for the ESTATE OF JAMES DUNIGAN, Deceased,

      Plaintiff,

v.

OFFICER DEREK NUGENT AND
OFFICER ERIC SHAFFER,

      Defendants.
_____/

Case No. 16-
Hon.

*JURY TRIAL DEMANDED*

## COMPLAINT

Plaintiff, GORDA DUNIGAN, as Personal Representative for the ESTATE OF JAMES DUNIGAN, Deceased, by and through her attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., states the following for her Complaint against the above-named Defendants:

### JURISDICTION

1. This is a civil action brought pursuant to the Civil Rights Act, 42 U.S.C. § 1981, *et seq.*, seeking monetary and punitive damages against Defendants under 42 U.S.C. § 1983, and costs and attorneys fees under 42 U.S.C. § 1988, for violations of Plaintiff's rights under the Fifth, Fourth and Fourteenth Amendments to the United States Constitution.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 42 U.S.C. § 1983.

3. The amount in controversy exceeds seventy-five thousand dollars, excluding interest, costs and attorney fees.

{00282695.DOCX}

## VENUE

4. Venue lies in the Western District of Michigan pursuant to 28 U.S.C. § 1391(d). The events took place within Kalamazoo County, Michigan, which is located within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

5. At all times relevant to this lawsuit, Plaintiff decedent, JAMES DUNIGAN, was detained by the Kalamazoo Police Department.

6. Plaintiff, GORDA DUNIGAN, is the Personal Representative for the ESTATE OF JAMES DUNIGAN, and resides in Kent County, Michigan.

7. At all times relevant, JAMES DUNIGAN had a constitutionally protected right, privileges and immunities afforded to him under the United States Constitution and all Federal Statutes.

8. Defendant, DEREK NUGENT is a City of Kalamazoo Police Officer and at all times relevant to this action was present during the detention of JAMES DUNIGAN.  At all times relevant to this action, Defendant, DEREK NUGENT was acting under color of state law, and was acting in the course and scope of his employment with the Kalamazoo Police Department.  He is named in this action in his individual capacity.

9. Defendant, ERIC SHAFFER is a City of Kalamazoo Police Officer and at all times relevant to this action was present during the detention of JAMES DUNIGAN. At all times relevant to this action, Defendant, ERIC SHAFFER was acting under color

of state law, and was acting in the course and scope of his employment with the Kalamazoo Police Department. He is named in this action in his individual capacity.

## FACTUAL STATEMENT

10. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

11. In the early hours of May 6, 2016, JAMES DUNIGAN presented to Bronson Methodist Hospital with complaints of chest pain.

13. On or about 2:26 a.m. on May 6, 2016, Wesley L. Rigot, MD, a Bronson Methodist Hospital physician, conducted an initial consult with JAMES DUNIGAN.

14. JAMES DUNIGAN was released around 4:30 a.m. He waited in the lobby of the hospital complaining of pain and in visible agony.

15. At all times relevant, Plaintiff's decedent, JAMES DUNIGAN, was discharged in an unstable condition.

16. Despite JAMES DUNIGAN's obvious physical symptoms and worsening complaints, Bronson Methodist Hospital approved JAMES DUNIGAN'S release. Officers from the City of Kalamazoo Police Department arrested and detained Plaintiff decedent, JAMES DUNIGAN stemming from an alleged trespassing and parole violation on or around 6:00 a.m.

17. JAMES DUNIGAN showed obvious signs of weakness and pain, clearly recognizable to both lay persons and medically trained persons, while Kalamazoo police officers were speaking to him. He was unable to get himself up from the wheel chair. Yet, Defendants NUGENT and SHAFFER ignored JAMES DUNIGAN, indicating that he is "going a dead weight thing" and telling JAMES DUNIGAN to "get up, bull shit".

18. All Defendants, and specifically Defendants NUGENT and SHAFFER, knew that JAMES DUNIGAN was suffering and showing clear and visible signs of distress.

19. All of Defendants, and specifically Defendants NUGENT and SHAFFER, ignored JAMES DUNIGAN and showed a deliberate indifference to his serious medical needs and condition from their very first interaction with JAMES DUNIGAN, to when he was visibly foaming at the mouth, breathing heavily, and making verbal complaints of pain; yet officers stated to JAMES DUNIGAN "I don't know if you're acting or what you got going on but you're good to go to county."

20. On or around 6:47 a.m., Defendants went to the back seat of their vehicle where JAMES DUNIGAN was, moved him, and noted JAMES DUNIGAN foaming at the mouth, they continued to ignore his medical needs and tell him: "look at you, you're fine, you're just acting."

21. On or around 7:40 a.m., JAMES DUNIGAN was pronounced dead while in police custody.

22. From the initial time period when Defendant NUGENT and Defendant SHAFFER first came in contact with Plaintiff's decedent until his death, the consciously disregarded his known serious medical condition to which amounts to a deliberate indifference to serious medical needs and otherwise violated his rights under the Constitution of the United States.

23. That as a direct and proximate result of the above- and below-described actions, Plaintiffs' decedent JAMES DUNIGAN suffered damages, including, but not limited to:

a.  Conscious, physical pain and suffering and death;

b.  Severe emotional injuries;

c.  Mental anguish;

d.  Mortification and humiliation;

f.  Economic loss including wage loss;

g.  Medical expenses;

h.  Exemplary damages;

i.  Punitive Damages;

j.  Attorney fees and costs allowable under 42 USC § 1988;

k.  All compensatory damages;

l.  All damages allowable under the Michigan Wrongful Death Act at MCL § 600.2922;

m.  Loss of love, society and companionship;

n.  Reasonable funeral and burial expenses;

o.  Loss of gifts, gratuities and other items of economic value; and

p.  All other damages allowable by law, including nominal damages solely

for being subjected to Constitutional Rights being violated.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
### DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL CONDITION
### DEFENDANTS NUGENT AND SHAFFER

24. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

25. Pursuant to the Fifth, Fourth and Fourteenth Amendments to the United States Constitution, JAMES DUNIGAN, being both a citizen of the United States and the

State of Michigan, had a right to the protections granted by 42 U.S.C. § 1983 which provides in relevant part:

> Every person, who, under color of any statute, ordinance, regulation, custom or usage, of any State subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

26. That Defendant officers are each a "person" within the meaning of 42 U.S.C. § 1983.

27. That JAMES DUNIGAN, at all times during his apprehension, had a Constitutional right to have his sever medical needs attended to.

28. At all times relevant, JAMES DUNIGAN had a right to adequate and sufficient medical care and/or treatment such that his life would be saved.

29. Defendant Officers proceeded to neglect JAMES DUNIGAN without any concern for his medical needs. JAMES DUNIGAN was neglected by Defendants after an extended period by failing to address signs of physical pain and agony including being unresponsive and foaming at the mouth. JAMES DUNIGAN was ignored and berated for an extended period of time.

30. Defendants NUGENT and SHAFFER substantially increased JAMES DUNIGAN's increased risk of death by doing nothing in light of h8is serious medical condition then existing, which was readily apparent to even a lay observer.

31. Unreasonably delaying the medical attention needed by JAMES DUNIGAN, Defendant officers acted with malice and deliberate indifference towards JAMES DUNIGAN's well-being, in violation of his Fifth Amendment rights as secured

by the Fourteenth Amendment to the United States Constitution and further, remain liable to Plaintiff pursuant to 42 U.S.C. § 1983.

32. Defendants NUGENT and SHAFFER deprived JAMES DUNIGAN of immediate medical attention which had they provided and/or provided medical staff access to JAMES DUNIGAN, it would have saved his life.

33. That by unreasonably, recklessly, unconstitutionally delaying and denying medical attention to JAMES DUNIGAN, the Defendant officers' actions were a proximate cause of JAMES DUNIGAN'S death.

34. Additionally, and at all times relevant, Defendants NUGENT and SHAFFER, acted with malice, and a deliberate indifference towards JAMES DUNIGAN's well-being in violation of his Fourteenth Amendment Rights to the United States Constitution and, therefore, remain liable to Plaintiff pursuant to 42 U.S.C. § 1983; §1988.

WHEREFORE, Plaintiff requests the following relief;

A. Compensatory non-economic and economic damages including but not limited to all damages recoverable under the United States Constitution, 42 USC § 1983, and the Michigan Wrongful Death Act;

B. Punitive damages;

C. Reasonable attorney fees, costs and interest; and

D. Such other and further relief as appears reasonable and just under the circumstances.

## COUNT II
### FAILURE TO INTERVENE TO PREVENT VIOLATION OF JAMES DUNIGAN'S FIFTH AND/OR FOURTEENTH AMENDMENT RIGHTS
### DEFENDANTS NUGENT & SHAFFER ONLY

35.  Plaintiff incorporates each preceding Paragraph as though fully restated herein.

36.  Defendants, OFFICER DEREK NUGENT and OFFICER ERIC SHAFFER, had a duty to intervene when all of the above mentioned Defendants violated JAMES DUNIGAN'S rights under the Fifth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, by failing to provide immediate medical attention upon JAMES DUNIGAN and thereby causing his death.

37.  Defendants, OFFICER DEREK NUGENT and OFFICER ERIC SHAFFER, observed or had reason to know that proper medical attention along with failing to routinely check JAMES DUNIGAN amounting to punishment and without a legitimate goal or penological justification was being used by each and every Defendant.

38.  Defendants, OFFICER DEREK NUGENT and OFFICER ERIC SHAFFER, had the opportunity and the means to prevent the death of JAMES DUNIGAN from occurring.

39.  Defendants, OFFICER DEREK NUGENT and OFFICER ERIC SHAFFER, were deliberately indifferent to JAMES DUNIGAN'S serious medical needs and failed to intervene despite their duty to do so, and were each thereby a direct and proximate cause of JAMES DUNIGAN'S death.

40.  The foregoing conduct by Defendants, KALMAZOO POLICE DEPARTMENT, OFFICER DEREK NUGENT, and OFFICER ERIC SHAFFER, itself

amounted to a constitutional violation of the JAMES DUNIGAN'S rights under the Fifth and/or Fourteenth Amendments to the United States Constitution.

41. That as a direct and proximate result of Defendants, OFFICER NUGENT and OFFICER SHAFFER, unconstitutional conduct and practices, and their deliberate indifference, as more fully described above, JAMES DUNIGAN suffered the following damages:

    a. Conscious, physical pain and suffering and death;

    b. Severe emotional injuries;

    c. Mental anguish;

    d. Mortification and humiliation;

    f. Economic loss including wage loss;

    g. Medical expenses;

    h. Exemplary damages;

    i. Punitive Damages;

    j. Attorney fees and costs allowable under 42 USC § 1988;

    k. All compensatory damages;

    l. All damages allowable under the Michigan Wrongful Death Act at MCL § 600.2922;

    m. Loss of love, society and companionship;

    n. Reasonable funeral and burial expenses;

    o. Loss of gifts, gratuities and other items of economic value; and

    p. All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

WHEREFORE, Plaintiff requests the following relief;

A. Compensatory non-economic and economic damages including but not limited to all damages recoverable under the United States Constitution, 42 USC §1983, and the Michigan Wrongful Death Act;

B. Punitive damages;

C. Reasonable attorney fees, costs and interest; and

D. Such other and further relief as appears reasonable and just under the circumstances.

Respectfully submitted,

/s/James J. Harrington, IV

_____
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
j.harrington@fiegerlaw.com

Dated: November 11, 2016

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GORDA DUNIGAN, as Personal Representative for the ESTATE OF JAMES DUNIGAN, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER DEREK NUGENT AND OFFICER ERIC SHAFFER,<br><br>        Defendants.<br>_____/ | Case No. 16-<br>Hon.<br><br><br><br><br><br>*JURY TRIAL DEMANDED* |

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

Plaintiff, GORDA DUNIGAN, as Personal Representative for the ESTATE OF JAMES DUNIGAN, Deceased, by and through their attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., hereby requests trial by jury in this matter.

                Respectfully submitted,

                /s/James J. Harrington, IV
                _____
                GEOFFREY N. FIEGER (P30441)
                JAMES J. HARRINGTON, IV (P65351)
                Attorneys for Plaintiff
                19390 W. 10 Mile Road
                Southfield, MI 48075
                (248) 355-5555
                j.harrington@fiegerlaw.com

Dated: November 11, 2016