UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

GORDA DUNIGAN, as Personal
Representative for the ESTATE OF
JAMES DUNIGAN, Deceased,          Case No. 1:16-cv-01325

    Plaintiff,                     HON. PAUL L. MALONEY

v.

OFFICER DEREK NUGENT AND
OFFICER ERIC SHAFFER,

    Defendants.

---

| | |
|---|---|
| James J. Harrington, IV (P65351) | Allan C. Vander Laan (P33893) |
| Fieger, Fieger, Kenney & Harrington, P.C. | Joshua P. Fahlsing (P72737) |
| 19390 West 10 Mile Road | Cummings, McClorey, Davis & Acho |
| Southfield MI  48075 | Attorneys for Defendants |
| 248-355-5555 | 2851 Charlevoix Dr., S.E. - Suite 327 |
| j.harrington@fiegerlaw.com | Grand Rapids MI  49546 |
| | 616-975-7470 |
| | avanderlaan@cmda-law.com |

---

## DEFENDANTS OFFICER  DEREK NUGENT AND OFFICER ERIC SHAFFER'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND

NOW comes Defendants, Officer Derek Nugent and Officer Eric Shaffer, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., and in answer to Plaintiff's Complaint state:

JURISDICTION

1. This is a civil action brought pursuant to the Civil Rights Act, 42 U.S.C. §1981, et seq., seeking monetary and punitive damages against Defendants under 42 U.S.C. § 1983, and costs and attorneys fees under 42 U.S.C. § 1988, for violations of Plaintiff's

rights under the Fifth, Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:  Defendants admit Plaintiff has filed a civil action pursuant to 42 U.S.C. § 1981, et seq., seeking damages against Defendants under 42 U.S.C. § 1983. Defendants deny they violated Plaintiff or Plaintiff Decedent's Constitutional rights under the Fifth, Fourth, and/or Fourteenth Amendments to the United States Constitution.  As to the remaining allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 42 U.S.C. § 1983.

**ANSWER:  Defendants do not contest this Court's jurisdiction.**

3. The amount in controversy exceeds seventy-five thousand dollars, excluding interest, costs and attorney fees.

**ANSWER:  Denied as the same is untrue.**

VENUE

4. Venue lies in the Western District of Michigan pursuant to 28 U.S.C. § 1391(d). The events took place within Kalamazoo County, Michigan, which is located within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

**ANSWER:  Admitted.**

PARTIES

5. At all times relevant to this lawsuit, Plaintiff decedent, JAMES DUNIGAN, was detained by the Kalamazoo Police Department.

**ANSWER:  Defendants note for this and the remainder of their answers to Plaintiff's Complaint the correct title for the "Kalamazoo Police Department" is the Kalamazoo Department of Public Safety.  As to Plaintiff's Allegation 5, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

6. Plaintiff, GORDA DUNIGAN, is the Personal Representative for the ESTATE OF JAMES DUNIGAN, and resides in Kent County, Michigan.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

7. At all times relevant, JAMES DUNIGAN had a constitutionally protected right, privileges and immunities afforded to him under the United States Constitution and all Federal Statutes.

**ANSWER:  Plaintiff's Allegation 7 states a legal conclusion to which no answer is required from these Defendants.  To the extent that an answer is required from these Defendants, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

8. Defendant, DEREK NUGENT is a City of Kalamazoo Police Officer and at all times relevant to this action was present during the detention of JAMES DUNIGAN. At all

times relevant to this action, Defendant, DEREK NUGENT was acting under color of state law, and was acting in the course and scope of his employment with the Kalamazoo Police Department. He is named in this action in his individual capacity.

**ANSWER:  Denied Defendant Derek Nugent is a City of Kalamazoo Police Officer. Admitted Defendant, Derek Nugent, is a Public Safety Officer with the City of Kalamazoo.  As to the remainder of Plaintiff's allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

9. Defendant, ERIC SHAFFER is a City of Kalamazoo Police Officer and at all times relevant to this action was present during the detention of JAMES DUNIGAN.  At all times relevant to this action, Defendant, ERIC SHAFFER was acting under color of state law, and was acting in the course and scope of his employment with the Kalamazoo Police Department. He is named in this action in his individual capacity.

**ANSWER:  Admitted Defendant, Eric Shaffer, is a Public Safety Officer with the City of Kalamazoo.  As to the remainder of Plaintiff's allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

FACTUAL STATEMENT

10. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-9 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

11. In the early hours of May 6, 2016, JAMES DUNIGAN presented to Bronson Methodist Hospital with complaints of chest pain.

**ANSWER:  Admitted in the early hours of May 6, 2016, James Dunigan presented to Bronson Methodist Hospital.  As to the remaining allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

**12. [sic.]**

13. On or about 2:26 a.m. on May 6, 2016, Wesley L. Rigot, MD, a Bronson Methodist Hospital physician, conducted an initial consult with JAMES DUNIGAN.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

14. JAMES DUNIGAN was released around 4:30 a.m. He waited in the lobby of the hospital complaining of pain and in visible agony.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

15. At all times relevant, Plaintiffs decedent, JAMES DUNIGAN, was discharged in an unstable condition.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

16. Despite JAMES DUNIGAN' s obvious physical symptoms and worsening complaints, Bronson Methodist Hospital approved JAMES DUNIGAN'S release.  Officers from the City of Kalamazoo Police Department arrested and detained Plaintiff decedent, JAMES DUNIGAN stemming from an alleged trespassing and parole violation on or around 6:00 a.m.

**ANSWER:  Admitted that on or about 6:40 a.m., Mr. Dunigan was placed under arrest by Kalamazoo Public Safety officers for trespassing and parole violation.  As to the remaining allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

17. JAMES DUNIGAN showed obvious signs of weakness and pain, clearly recognizable to both lay persons and medically trained persons, while Kalamazoo police officers were speaking to him. He was unable to get himself up from the wheel chair. Yet, Defendants NUGENT and SHAFFER ignored JAMES DUNIGAN, indicating that he is "going a dead weight thing" and telling JAMES DUNIGAN to "get up, bull shit".

**ANSWER:  Denied as the same is untrue.**

18. All Defendants, and specifically Defendants NUGENT and SHAFFER, knew that JAMES DUNIGAN was suffering and showing clear and visible signs of distress.

**ANSWER:  Denied as the same is untrue.**

19. All of Defendants, and specifically Defendants NUGENT and SHAFFER, ignored JAMES DUNIGAN and showed a deliberate indifference to his serious medical needs and condition from their very first interaction with JAMES DUNIGAN, to when he was visibly foaming at the mouth, breathing heavily, and making verbal complaints of

pain; yet officers stated to JAMES DUNIGAN "I don't know if you're acting or what you got going on but you're good to go to county."

**ANSWER:  Denied as the same is untrue.**

20. On or around 6:47 a.m., Defendants went to the back seat of their vehicle where JAMES DUNIGAN was, moved him, and noted JAMES DUNIGAN foaming at the mouth, they continued to ignore his medical needs and tell him: "look at you, you're fine, you're just acting."

**ANSWER:  Denied that Defendants ignored Plaintiff's alleged medical needs.  As to the remaining allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

21. On or around 7:40 a.m., JAMES DUNIGAN was pronounced dead while in police custody.

**ANSWER:  Denied, except as herein provided.  Or on around 7:40 a.m., James Dunigan was pronounced dead while in the custody of the Kalamazoo County Sheriff's Department.**

22. From the initial time period when Defendant NUGENT and Defendant SHAFFER first came in contact with Plaintiffs decedent until his death, the consciously disregarded his known serious medical condition to which amounts to a deliberate indifference to serious medical needs and otherwise violated his rights under the Constitution of the United States.

**ANSWER:  Denied as the same is untrue.**

23. That as a direct and proximate result of the above- and below-described actions, Plaintiffs' decedent JAMES DUNIGAN suffered damages, including, but not limited to:

a. Conscious, physical pain and suffering and death;

b. Severe emotional injuries;

c. Mental anguish;

d. Mortification and humiliation;

f. Economic loss including wage loss;

g. Medical expenses;

h. Exemplary damages;

i. Punitive Damages;

J. Attorney fees and costs allowable under 42 USC § 1988;

k. All compensatory damages;

l. All damages allowable under the Michigan Wrongful Death Act at MCL § 600.2922;

m. Loss of love, society and companionship;

n. Reasonable funeral and burial expenses;

o. Loss of gifts, gratuities and other items of economic value; and

p. All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

**ANSWER:  Denied as the same is untrue.**

COUNT I
VIOLATION OF 42 U.S.C. § 1983
DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL CONDITION
DEFENDANTS NUGENT AND SHAFFER

24. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-23 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

25. Pursuant to the Fifth, Fourth and Fourteenth Amendments to the United States Constitution, JAMES DUNIGAN, being both a citizen of the United States and the State of Michigan, had a right to the protections granted by 42 U.S.C. § 1983 which provides in relevant part:

> Every person, who, under color of any statute, ordinance, regulation, custom or usage, of any State subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**ANSWER:  Plaintiff's Allegations 25 states a legal conclusion to which no answer is required.  To the extent that an answer is required from these Defendants, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

26. That Defendant officers are each a "person" within the meaning of 42 U.S.C. § 1983.

**ANSWER:  Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

27. That JAMES DUNIGAN, at all times during his apprehension, had a Constitutional right to have his sever medical needs attended to.

**ANSWER:  Plaintiff's Allegations 27 states a legal conclusion to which no answer is required.  To the extent that an answer is required from these Defendants, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

28. At all times relevant, JAMES DUNIGAN had a right to adequate and sufficient medical care and/or treatment such that his life would be saved.

**ANSWER:  Plaintiff's Allegations 28 states a legal conclusion to which no answer is required.  To the extent that an answer is required from these Defendants, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

29. Defendant Officers proceeded to neglect JAMES DUNIGAN without any concern for his medical needs. JAMES DUNIGAN was neglected by Defendants after an extended period by failing to address signs of physical pain and agony including being unresponsive and foaming at the mouth. JAMES DUNIGAN was ignored and berated for an extended period of time.

**ANSWER:  Denied as the same is untrue.**

30. Defendants NUGENT and SHAFFER substantially increased JAMES DUNIGAN's increased risk of death by doing nothing in light of h8is serious medical condition then existing, which was readily apparent to even a lay observer.

**ANSWER:  Denied as the same is untrue.**

31. Unreasonably delaying the medical attention needed by JAMES DUNIGAN, Defendant officers acted with malice and deliberate indifference towards JAMES DUNIGAN's well-being, in violation of his Fifth Amendment rights as secured by the Fourteenth Amendment to the United States Constitution and further, remain liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:  Denied as the same is untrue.**

32. Defendants NUGENT and SHAFFER deprived JAMES DUNIGAN of immediate medical attention which had they provided and/or provided medical staff access to JAMES DUNIGAN, it would have saved his life.

**ANSWER:  Denied as the same is untrue.**

33. That by unreasonably, recklessly, unconstitutionally delaying and denying medical attention to JAMES DUNIGAN, the Defendant officers' actions were a proximate cause of JAMES DUNIGAN' S death.

**ANSWER:  Denied as the same is untrue.**

34. Additionally, and at all times relevant, Defendants NUGENT and SHAFFER, acted with malice, and a deliberate indifference towards JAMES DUNIGAN's well-being in violation of his Fourteenth Amendment Rights to the United States Constitution and, therefore, remain liable to Plaintiff pursuant to 42 U.S.C. § 1983; §1988.

**ANSWER:  Denied as the same is untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

COUNT II

FAILURE TO INTERVENE TO PREVENT VIOLATION OF JAMES
DUNIGAN'S FIFTH AND/OR FOURTEENTH AMENDMENT RIGHTS
DEFENDANTS NUGENT & SHAFFER ONLY

35. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-34 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

36. Defendants, OFFICER DEREK NUGENT and OFFICER ERIC SHAFFER, had a duty to intervene when all of the above mentioned Defendants violated JAMES DUNIGAN'S rights under the Fifth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, by failing to provide immediate medical attention upon JAMES DUNIGAN and thereby causing his death.

**ANSWER:  Denied as the same is untrue.**

37. Defendants, OFFICER DEREK NUGENT and OFFICER ERIC SHAFFER, observed or had reason to know that proper medical attention along with failing to routinely check JAMES DUNIGAN amounting to punishment and without a legitimate goal or penological justification was being used by each and every Defendant.

**ANSWER:  Denied as the same is untrue.**

38. Defendants, OFFICER DEREK NUGENT and OFFICER ERIC SHAFFER, had the opportunity and the means to prevent the death of JAMES DUNIGAN from occurring.

**ANSWER:  Denied as the same is untrue.**

39. Defendants, OFFICER DEREK NUGENT and OFFICER ERIC SHAFFER, were deliberately indifferent to JAMES DUNIGAN'S serious medical needs and failed to intervene despite their duty to do so, and were each thereby a direct and proximate cause of JAMES DUNIGAN'S death.

**ANSWER:  Denied as the same is untrue.**

40. The foregoing conduct by Defendants, KALMAZOO POLICE DEPARTMENT, OFFICER DEREK NUGENT, and OFFICER ERIC SHAFFER, itself amounted to a constitutional violation of the JAMES DUNIGAN'S rights under the Fifth and/or Fourteenth Amendments to the United States Constitution.

**ANSWER:  Denied as the same is untrue.**

41. That as a direct and proximate result of Defendants, OFFICER NUGENT and OFFICER SHAFFER, unconstitutional conduct and practices, and their deliberate indifference, as more fully described above, JAMES DUNIGAN suffered the following damages:

a. Conscious, physical pain and suffering and death;

b. Severe emotional injuries;

c. Mental anguish;

d. Mortification and humiliation;

f. Economic loss including wage loss;

g. Medical expenses;

h. Exemplary damages;

i. Punitive Damages;

j. Attorney fees and costs allowable under 42 USC § 1988;

k. All compensatory damages;

l. All damages allowable under the Michigan Wrongful Death Act at MCL § 600.2922;

m. Loss of love, society and companionship;

n. Reasonable funeral and burial expenses;

o. Loss of gifts, gratuities and other items of economic value; and

p. All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

**ANSWER:  Denied as the same is untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## **AFFIRMATIVE DEFENSES**

NOW COME the Defendants and give notice that they may establish by way of motion, at trial or otherwise, the following Affirmative Defenses:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Some or all of Plaintiff's alleged injuries were brought about, in whole or in part, through his own misconduct.

3.      Plaintiff's damages, if any, may be reduced by his own comparative fault. In the alternative, Plaintiff's own intentional, willful, wanton, reckless and/or negligent conduct caused or contributed to his damages, if any, and any such damages must be reduced accordingly.

4. Plaintiff may have failed to exhaust available administrative remedies/procedures.

5. Defendants are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

6. Defendants are entitled to good faith immunity because an honest belief existed that their actions were reasonable responses to the totality of the circumstances as they appeared at that time.

7. Plaintiff's claims are barred by immunity and/or qualified immunity for the reason that Defendants acted in a reasonable manner in the performance of their duties and acted without malicious intent to cause a deprivation of constitutional rights or other injury to the Plaintiff

8. The proximate cause of any and all injuries suffered by Plaintiff as a result of negligence of persons and/or entities other than these Defendants.

9. Individual Defendants are entitled to qualified immunity from individual liability brought pursuant to 42 U.S.C. 1983 since the conduct of these Defendants did not violate clearly established federal statutory or constitutional rights, which a reasonable person would have known, as any claim brought under federal or state law.

10. Defendants are entitled to governmental immunity as they were at all times, as alleged in the Complaint, engaged in governmental functions and the actions taken were not reckless as to demonstrate a substantial lack of concern for whether an injury results.

11. Defendants object to the misjoinder of any and all claims and any and all parties.

15

12.     Plaintiff's claim may be barred or reduced by release, payment, prior judgment and/or discharge.

13.     Plaintiff's claims may be barred by the doctrines of waiver, collateral estoppel or res judicata, unclean hands, and/or consent.

14.     In all respects, Defendants were not deliberately indifferent to Plaintiff's serious medical needs.

15.     Some or all of the injuries complained of herein may have been caused or contributed to by the acts or omissions of the Plaintiff.

16.      Any acts or omissions of Defendants were not the proximate cause of Plaintiff's injuries.

17.     Defendants are entitled to a set off to the extent the Plaintiff has recovered compensation from collateral sources.

18.     Defendants reserve the right to add any other special and/or affirmative defenses which may become known through the course of subsequent discovery, investigation and/or trial in the above captioned matter.

## **RELIANCE UPON JURY DEMAND**

Defendants hereby rely upon the Demand for Trial by Jury filed by Plaintiff in the above entitled cause of action.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

 /s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Joshua P. Fahlsing (P72737)
Attorneys for Defendants
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

Dated: December 22, 2016