# RELEASE AND SETTLEMENT AGREEMENT

I.  Standard Definitions.

   A.  "Agreement":  This Release and Settlement Agreement.

   B.  "Damages":  Damages are defined as financial loss of any kind whatsoever and without exception, related to or resulting directly or indirectly from personal injuries, including, but not limited to death and/or emotional or other non-physical injury of any kind whatsoever, whether or not said injury(ies) is/are currently known, foreseen or foreseeable, temporary or permanent and including, but not limited to any injury(ies) which are currently unknown, unforeseen and unforeseeable, and which accrue or become known at some future time.

II.  Variable Definitions.

   A.  "Undersigned": **Gorda Dunigan, as Personal Representative of the Estate of James Dunigan, Deceased**, his heirs, executors, administrators, successors and assigns, next of kin, natural and adopted children and any estate on whose behalf **Gorda Dunigan, as Personal Representative of the Estate of James Dunigan, Deceased,** is acting and executing this Agreement.

   B.  "Released Parties": **Officer Derek Nugent and Officer Eric Shaffer** and their insurer, **Michigan Municipal Risk Management Authority**, and any and all of their elected officials, agents, servants, employees, whether acting within or without the scope of their employment, corporations, employers, partners, indemnitors, associates, assigns and consultants, past and present.

   C.  "Occurrence": An incident or event which occurred on or about **May 16, 2016**, in the County of Kalamazoo, which was the subject of a lawsuit captioned United States District Court for the Western District of Michigan, Southern Division, Case No. 1:16-cv-01325, entitled **Gorda Dunigan, as Personal Representative of the Estate of James Dunigan, Deceased v Officer Derek Nugent and Officer Eric Shaffer.**

00671791-1

1

    D.    "Pending Claim": lawsuit captioned: United States District Court for the Western District of Michigan, Southern Division, Case No. 1:16-cv-01325, entitled **Gorda Dunigan, as Personal Representative of the Estate of James Dunigan, Deceased v Officer Derek Nugent and Officer Eric Shaffer.**

III.    Release and Settlement.

KNOW ALL MEN BY THESE PRESENTS that for the consideration hereinafter specifically set forth in the Consideration Paragraph below, receipt and adequacy of which is hereby confessed and acknowledged, the undersigned does individually and collectively hereby forever release and discharge any and all claims, demands, actions, causes of action, and other rights which they may have or conceive themselves to have for damages against the released parties, based upon or arising out of the occurrence.

It is understood and agreed that this settlement is a compromise of a claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said release denies liability therefor and intends merely to avoid further litigation, Trial, the uncertainty of verdict, and the costs associated therewith.

The undersigned hereby declares and represents that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite and in making this Release it is understood and agreed, that the undersigned relies wholly upon the undersigned's judgment, belief, and knowledge of the nature, extent, effect and duration of said injuries and liability therefor and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives or by any physician or surgeon by them employed.

The parties hereby agree that to the extent that part or all of the monies set forth in the Consideration Paragraph below are determined to be taxable, that the Plaintiff agrees to indemnify and hold Defendants, as well as any County officers, employees, agents, insurers, representatives and the Michigan Municipal Risk Management Authority harmless for the payment of any said tax or withholding payments, including any penalty assessed, provided Defendants do not prejudice Plaintiff regarding any defenses that may be raised concerning any claim that the wrongful death proceeds from this settlement are taxable.

Further, for the same consideration specifically set forth in the Consideration Paragraph below (paragraph IX), the undersigned does each on her own behalf and on the behalf of any other person taking funds by virtue of this Agreement, hereby agree to fully indemnify and hold harmless the released parties for and from financial loss resulting, directly or indirectly, from any claim, demand, lawsuit, assertion of lien or any

00671791-1

other action taken or pursued by any party or entity, including by way of illustration and not limitation, claims for attorney liens, fees, medical liens, Medicare and Medicaid benefits and liens, workers' compensation liens or any health care provider or any other lien or under any legal theory and based upon or arising, whether directly or indirectly, out of the Occurrence previously described, including any penalty assessed, provided Defendants do not prejudice Plaintiff regarding any defenses that may be available to them to defend any claim plead.

IV.   Indemnification and Hold Harmless

Undersigned agrees to pay off any liens from Medicaid.  Undersigned further agrees to indemnify and hold harmless the released parties, their insurers, and any affiliate, director, officer, employee and agent of the released parties or its affiliates or insurers from and against all costs, including the amounts of any judgments (including interest thereon), settlement, fines or penalties, expenses and damages incurred by the released parties or their insurers in connection with any action or threatened action, suit or proceeding arising out of any federal Medicare lien(s), ERISA lien(s), or Medicaid lien(s) filed by the State of Michigan or any other entitled claim or resulting from health or medical insurance payments made on behalf of the undersigned, who understands and agrees that she is solely responsible for full reimbursement to any entity resulting from health or medicare insurance claim payments made by Medicare, Medicaid or any other entity on behalf of the undersigned arising out of the event or events given rise to this lawsuit.

The Plaintiff further understands that, as to any existing or potential liens on the proceeds of this Release and Settlement Agreement, the Plaintiff is responsible for satisfaction of same and does agree to defend and hold harmless and indemnity the other parties hereto in connection with any claim or suit that may be brought any lien holder.

It is further understood that the purpose of this Indemnification and Hold Harmless Provision is to totally eliminate the obligation of the Defendants to pay any further sums to Plaintiff or medical lien holders with respect to the claimed damages suffered by the Plaintiff.  It is declared by the Plaintiff that in executing this Indemnification and hold Harmless Provision, that the Plaintiff is not relying upon any statement or representation made by the Defendants, or any representative thereof.   The Plaintiff acknowledges that she understands that this is a final disposition of all claims related to the released parties, which are, or might have been, the subject matter of the Complaint, however, this Release in no way releases any claim(s) against Bronson Methodist Hospital, Wesley Rigot or any Bronson Methodist Hospital, Wesley Rigot's agents, nurses, employees, security staff, etc.

V.   Full and Final Settlement.

The undersigned acknowledges that she understands and agrees this Agreement is final, conclusive and binding on the undersigned, including the heirs, current or former spouse, next of kin, any current or former spouse and children of the deceased **James Dunigan and Gorda Dunigan, as Personal Representative of the Estate of James Dunigan, Deceased**, and that upon execution of this Agreement, any liability of the released parties to any person for matters released in this consortium or loss of services, shall cease and be fully and finally discharged.   Undersigned further agrees to indemnify and hold harmless the Released Parties with respect to any and all loss, damages or expense incurred by reason of any claim, threat of claim, or suit made or brought by or on behalf of any current or former spouse, child or any other relative of the deceased **James Dunigan and Gorda Dunigan, as Personal Representative of the Estate of James Dunigan, Deceased**, in which said spouse, child or other relative seeks damages for any reason, including but not limited to loss of society, companionship, nurture, love, consortium or the like, due to injuries sustained by the deceased **James Dunigan and Gorda Dunigan, as Personal Representative of the Estate of James Dunigan, Deceased**, in the occurrence.

The undersigned acknowledges and agrees that the sole consideration for this Agreement is that stated in the Consideration Paragraph and that consideration is in full and final settlement of the pending case and all claims made or which could have been made by the undersigned resulting from the occurrence, against the released parties.   In this regard, the undersigned does further state that the settlement embodied in this Agreement is fair, reasonable, and in the best interest, of all those who may have incurred damages as a result of the occurrence.


VI.   No Admission of Liability.

The parties hereby acknowledge that this Agreement is made in the settlement of a disputed claim. No admissions of liability are made by entering into this settlement and all allegations are expressly denied. Specifically and without limiting the generality of said denial, Defendants expressly and without reservation deny any and all allegations contained in Plaintiff's Complaint.


VII.   Representation of Comprehension of Document

In entering into this Release and Settlement Agreement, the Plaintiff represents that Plaintiff relied upon the advice of her attorneys, who are the attorneys of her own choice, concerning the legal and income tax consequences of this Release and Settlement Agreement; that the terms of this Release and Settlement Agreement have been completely read and explained to Plaintiff by her attorneys; and that the terms of this

00671791-1

Release and Settlement Agreement are fully understood and voluntarily accepted by Plaintiff. It is understood that the provisions of this Release and Settlement Agreement are contractual and are not merely recitals

VIII. Warranty of Capacity to Execute Agreement

Plaintiff represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Release and Settlement Agreement, except as otherwise set forth herein; that Plaintiff has the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified in it; and that Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes action referred to in this Release and Settlement Agreement.

IX. Consideration.

The sole and full consideration to be given by and on behalf of the released parties for this Agreement and the agreements, promises and acknowledgments of the undersigned expressed herein shall be payment of **Eight Hundred Ten Thousand and 00/100 Dollars ($810,000.00) to Gorda Dunigan, as Personal Representative of the Estate of James Dunigan, Deceased**, forthwith to the undersigned and the undersigned's attorneys, which shall be fully inclusive of all interest, costs and fees which are or might be taxable including an award of attorney fees pursuant to 42 USC Section 1988, or any other attorney fee shifting statute under Federal or State law, or common law. The settlement monies represent compensation for damages.

The undersigned hereby acknowledges receipt of a copy of this Agreement before signing same. It is understood that the provisions of this Release and Settlement Agreement are contractual and are not merely recitals and that the undersigned have read the foregoing Release and Settlement Agreement, understand it and sign same as her voluntary act and deed.

X. Execution of Documents.

As part of this Agreement and for the consideration herein specified, the undersigned covenants that they, their estates and assigns and their attorneys shall consent to and execute all incidental and supplemental documents, pleadings and papers, and take all supplementary steps necessary to give full force and effect to the terms of this Agreement. It is understood such supplemental steps shall include, but are not limited to, the signing and entry of an order of dismissal with prejudice and without costs relating to the pending claims and all actual or potential appeals therefrom.

00671791-1

IN WITNESS WHEREOF, the undersigned have set forth the undersigned's hand and seal this 23RD day of MAY, 2018.

The Undersigned:

_____
Gorda Dunigan, as Personal Representative
of the Estate of James Dunigan, Deceased

Subscribed and sworn to before me on this 23RD day of MAY, 2018, in KENT County, Michigan.

_____
ALEXIS FARION Notary Public
WAYNE County, Michigan
My Commission Expires: 11.25.24

Alexis Farion
Notary Public - State of Michigan
County of Wayne
My Commission Expires 11-25-2024
Acting in the County of KENT

As to form:

Dated: 5.23.18

_____
James J. Harrington (P65351)
Attorney for Plaintiff

00671791-1